SHERRY RADACK
  CHIEF JUSTICE

TERRY JENNINGS
EVELYN KEYES
LAURA CARTER HIGLEY
JANE BLAND
MICHAEL MASSENGALE
HARVEY BROWN
REBECA HUDDLE
RUSSELL LLOYD
  JUSTICES

CHRISTOPHER A. PRINE
  CLERK OF THE COURT

JANET WILLIAMS
  CHIEF STAFF ATTORNEY

PHONE: 713-274-2700
FAX:    713-755-8131

www.txcourts.gov/1stcoa.aspx



# Court of Appeals
# First District
### 301 Fannin Street
### Houston, Texas 77002-2066

December 31, 2015

Jesse  R. Pierce
Jesse R. Pierce
Pierce & O'Neill, LLP
4203 Montrose Blvd
Houston, TX 77006
* DELIVERED VIA E-MAIL *

James Nye
Baker&Hostetler LLP
811 Main St, Ste 1100
Houston, TX 77002-6111
* DELIVERED VIA E-MAIL *

Robert Arnold Anderson
Smead, Anderson & Dunn
2110 Horseshoe Ln
Longview, TX 75605-5628
* DELIVERED VIA E-MAIL *

Douglas D. D'Arche
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002
* DELIVERED VIA E-MAIL *

Laura Gleen
Greenberg Traurig
1000 Louisiana St, Suite 1700
Houston, TX 77002
* DELIVERED VIA E-MAIL *

Nugent Beaty Jr.
Pierce & O'Neill, LLP
4203 Montrose Blvd
Houston, TX 77006-5427
* DELIVERED VIA E-MAIL *

Alexander Burch
Baker & Hostetler LLP
811 Main St Ste 1100
Houston, TX 77002-6111
* DELIVERED VIA E-MAIL *

Anthony M. Guerino, II
Greenberg Traurig, LLP
1000 Louisiana, St Ste 1700
Houston, TX 77002
* DELIVERED VIA E-MAIL *

William Ray Whitman
Baker & Hostetler LLP
811 Main St Ste 1100
Houston, TX 77002-5009
* DELIVERED VIA E-MAIL *

Michael L. Dunn
Smead Anderson & Dunn
2110 Horseshoe Lane
Longview, TX 75605-5628
* DELIVERED VIA E-MAIL *

RE:    **Court of Appeals Number:**  01-15-01099-CV
       **Trial Court Case Number:**  2013-24978

**Style:**  Le Norman Operationing LLC  v. Chalker Energy Partners III, LLC

## GENERAL INFORMATION

On **December 30, 2015**, a letter of assignment from the **234th District Court** trial-court clerk and a copy of the notice of appeal filed by **Raptor Petroleum, LLC; BMW Investments, L.P.; Ark-La-Tex Property Investments, LP; Remora Oil & Gas, LLC Eastern Redbull, LLC; Jimmy Sutton; Vicenergy, LLC, Chris Faulkner d/b/a Terra Geological, LLC; Jerry Caylor; Larry Caylor, John Talley; Erickson Resources, LLC; John G. Kremer, Trustee for the 1st Amendment to the Richard E. and Betty V. Kremer Living Trust Dated 1/3/2002; M&D Exploration. LLC; and Joe D. Nobles** in the trial court was received and docketed as Cause Number **01-15-01099-CV**. This **Notice** contains information about some of the rules and procedures that govern prosecution of an appeal pending before the First Court of Appeals.

Texas Rule of Appellate Procedure 9.6 requires parties and counsel to communicate about a pending appeal only through the Clerk's office and they may not communicate with either the justices or their staff about a case. It is also improper to send a document to the Court about an appeal unless a copy of it is served on all other parties to the appeal at the same time. *See* TEX. R. APP. P. 9.5(d), (e).

Effective January 1, 2014, **all attorneys in civil cases and criminal cases** must electronically file all documents (except a document submitted under seal or subject to a motion to seal) through the EfileTexas.gov electronic filing system. A party representing themselves pro se (without an attorney) in a civil case, is encouraged to e-file documents, but is not required to do so. Electronically filed documents must conform to TEX. R. APP. P. 9.4 and must be completed through EfileTexas.gov, http://www.efiletexas.gov. Electronically filed briefs must comply with TEX. R. APP. P. 9.4 and with the Texas Supreme Court's Redaction Guidelines found at http://www.supreme.courts.state.tx.us/ebriefs/RedactionGuidelines.pdf.

## INFORMATION ABOUT THE APPELLATE RECORD

This letter is **NOTICE** to the appellant that the Court may dismiss an appeal for want of prosecution, if the clerk's record is not filed and it is appellant's fault. See TEX. R. APP. P. 37.3(b); 42.3. This letter is also **NOTICE** to the appellant that if it is appellant's fault that the reporter's record is not filed, the Court may decide the appeal on those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c). Any motion related to informalities in the manner of bringing this appeal must be filed within thirty (30) days after the appellate record is filed. TEX. R. APP. P. 10.5(a).

Unless an appellant has established indigence under Texas Rule of Appellate Procedure 20.1, the trial-court clerk and court reporter are not required to file the clerk's and reporter's records until appellant has paid the required fees to prepare and certify the records, or has made satisfactory arrangements to pay the fees. *See* TEX. R. APP. P. 35.3(a)(2), (b)(3).

From information currently available, it appears that the trial court signed the final judgment or other appealable order on November 19, 2015. Because the notice of appeal

indicates that a post-judgment motion was <u>not</u> filed, unless the Court receives information to the contrary, the trial court clerk is due to file the clerk's record and the court reporter is due to file the reporter's record on or before **January 19, 2016**.

The appellant and/or appellee should inform the Court as soon as possible if (1) this appeal is accelerated or (2) if there is disagreement about (a) the date the trial court signed the final judgment or appealable order or (b) whether a post-judgment motion or request for findings of fact and conclusions of law was timely filed in the trial court.

It is **mandatory** that both the clerk's record and the reporter's record be filed electronically. Both the trial-court clerk and the court reporter are asked to complete the information sheet on the "Forms" page of the Court's website, http://www.txcourts.gov/1stcoa/practice-before-the-court/forms.aspx, and file it with the Court within ten (10) days of the date of this Notice. The parties do not need to file a motion to extend time to file either the clerk's record or the reporter's record. *See* Texas Rules of Appellate Procedure 34.5(b)(1), (c)(2), 35.3(c), and 35.6(b)(1) and Appendix C of the Texas Rules of Appellate Procedure for electronic filing related to preparation of the appellate record.

Parties are encouraged to work together and with the trial court clerk and court reporter to properly designate all necessary items and portions of the testimony to be included in the initial records. The Court generally will not grant a motion to extend time to file a brief because a party requests to supplement the record with an item or portion of the testimony that the party did not timely designate for inclusion in the initial clerk's record or reporter's record. *See* TEX. R. APP. P. 10.5(b), 34.5(c)(1), 34.6(d), 38.6(d).

## INFORMATION ABOUT FILING DOCUMENTS

Texas Rule of Appellate Procedure 9.3 controls the number of paper copies and documents filed in paper form. All documents must include a certificate of service. *See* Tex. R. App. P. 9.5(d), (e). All civil motions must include a certificate of conference, TEX. R. APP. P. 10.1(a)(5), and require a $10 filing fee, unless the movant has established indigence or is exempt from the advance payment of filing fees, e.g., the State or a political subdivision of the State. *See* TEX. R. APP. P. 5; FEES CIV. CASES B (3); Op. Tex Att'y Gen. No. DM-459 (1997). The Court treats a civil motion requesting multiple types of relief as separate motions and requires a separate $10 filing fee for each motion.

## INFORMATION ABOUT BRIEFS

Effective January 1, 2014, **all attorneys in civil cases and criminal cases** must electronically file all documents (except a document submitted under seal or subject to a motion to seal) through the EfileTexas.gov electronic filing system. A party representing themselves pro se (without an attorney) in a civil case, is encouraged to e-file documents, but is not required to do so. Electronically filed documents must conform to TEX. R. APP. P. 9.4 and must be completed through EfileTexas.gov, http://www.efiletexas.gov. Electronically filed briefs must

comply with TEX. R. APP. P. 9.4 and with the Texas Supreme Court's Redaction Guidelines found at http://www.txcourts.gov/media/124902/redactionguidelines.pdf.

## INFORMATION ABOUT ATTORNEYS APPEARING BEFORE THE COURT

Texas Rule of Appellate Procedure 6 governs matters related to an attorney's representation of a party before the Court. Attorneys must promptly notify the Clerk's office of any change of address or change in designation of the lead counsel for a party. A nonresident attorney who is not a member of the State Bar of Texas must satisfy the requirements for participation in a Texas legal matter found on the Board of Law Examiners' website http://www.ble.state.tx.us.

## INFORMATION ABOUT NOTICES TO PARTIES

Notice must be sent to all parties of any judgment, mandate, or order issued. *See* Tex. R. App. P. 12.6. If a party is represented by an attorney, notice will be sent to the party's lead counsel. *See* TEX. R. APP. P. 9.5(b). Information available to the public about a case may be found on the "Case Information" page of the Court's website. Parties may sign up for e-mail notices about activity in their case on the "CaseMail" page of the website.

## STANDARDS OF APPELLATE CONDUCT

The Court follows the Standards of Appellate Conduct adopted by the Supreme Court of Texas and the Court of Criminal Appeals. All attorneys and parties—including pro se litigants—are expected to fully comply with these standards, as well as all applicable provisions of the Texas Rules of Appellate Procedure, the Texas Disciplinary Rules of Professional Conduct, and the Code of Judicial Conduct. See the "Court Rules" page, "Other Rules Governing Attorneys" of the Texas Supreme Court's website, http://www.txcourts.gov/supreme.aspx, or call and ask that a copy be mailed to you.

Should you have questions at any time throughout the appellate process of your case, please do not hesitate to call the Clerk's office at 713-274-2700.

Sincerely,

Christopher A. Prine, Clerk of the Court

cc:     Harry Lloyd Scarborough (DELIVERED VIA E-MAIL)